Quarles & Brady Streich Lang LLP
Firm State Bar No. 00443100
Renaissance One
Two North Central Avenue
Phoenix, Arizona 85004-2391
TELEPHONE 602 229 5200

**ORIGINAL**

Robert K. Jones (AZ #016228) (admitted *pro hac vice*)
Catherine L. Dehlin (AZ #020265) (admitted *pro hac vice*)
Sandra J. Creta (AZ #018434) (admitted *pro hac vice*)
Counsel for United Parcel Service

Louis E. Garfinkel, Esq.
Nevada Bar No. 3416
LEVINE, GARFINKEL & KATZ
3441 S. Eastern Avenue, Suite 600
Las Vegas, Nevada 89109
Phone: (702) 735-0451
Facsimile: (702) 735-2198

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JARED JIBBEN, | NO. CV-S-02-0039-DAE (RJJ) |
| Plaintiff, | |
| vs. | **STIPULATED PROPOSED JURY INSTRUCTIONS** |
| UNITED PARCEL SERVICE, | |
| Defendant. | Trial: Sept. 6, 2005 |
| | Estimated Trial Time: 5 to 7 days |

Pursuant to the schedule set forth at the July 7, 2005 pretrial conference, the parties, through their undersigned counsel, hereby submit the following proposed jury instructions for the trial on the above-referenced action.

RESPECTFULLY SUBMITTED this ⟨22⟩ day of August, 2005.

1

LEVINE, GARFINKEL & KATZ
3441 S. Eastern Avenue, Suite 600
Las Vegas, Nevada 89109

2

3

QUARLES & BRADY STREICH LANG LLP
Renaissance One
Two North Central Avenue
Phoenix, Arizona 85004-2391

4

5

6

By _____

7

Robert K. Jones *pro hac vice*
Catherine L. Deblin *pro hac vice*
Sandra J. Creta *pro hac vice*

8

9

Attorneys for United Parcel Service

10

Victor M. Perri, Esq.
633 South Fourth Street
Suite #4
Las Vegas, Nevada 89101

11

12

13

By _____

14

Attorney for Plaintiff

15

16

17

ORIGINAL AND ONE COPY filed with the
Clerk of the District Court on this the
_____day of August, 2005.

18

19

20

_____

21

22

23

24

25

26

## I.   GENERAL FEDERAL JURY INSTRUCTION IN CIVIL CASES (COURT FORM INSTRUCTIONS)

### Duty of the Judge

Members of the Jury:

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties. It becomes my duty, therefore, to instruct you on the rules of law that you must follow and apply in arriving at your decision in this case.

In any jury trial there are, in effect, two judges. I am one of the judges: the other is the jury. It is my duty to preside over the trial and to determine what testimony and evidence is relevant under the law for your consideration. It is also my duty at the end of the trial to instruct you on the law applicable to the case.

Given          _____

Modified       _____

Withdrawn      _____

Refused        _____

## INSTRUCTION NO. 1

### (Duty to Follow Instructions--Corporation is a Party)

You, as jurors, are the judges of the facts. But in determining what actually happened in this case -- that is, in reaching your decision as to the facts -- it is your sworn duty to follow the law I am now in the process of defining for you.

And you must follow all of my instructions as a whole. You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. That is, you must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I give it to you, regardless of the consequences.

In deciding the facts of this case you must not be swayed by sympathy, bias or prejudice as to any party. This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life. The law is no respecter of persons, and all persons stand equal before the law and are to be dealt with as equals in a court of justice. A corporation is entitled to the same fair trial at your hands as is a private individual.

Given     _____

Modified    _____

Withdrawn   _____

Refused     _____

**INSTRUCTION NO. 2**

**Excluding Argument Of Counsel**

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice.

In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

Given      _____

Modified      _____

Withdrawn      _____

Refused      _____

**INSTRUCTION NO. 3**

**Objections**

There are rules of evidence which control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered and the exhibit cannot be received.

Whenever I sustain an objection to a question, you must not speculate as to what the answer might have been or as to the reason for the objection. You must not consider for any purpose any offer of evidence that was rejected, or any evidence that was stricken from the record; such matter is to be treated as though you had never known of it.

Given          _____

Modified       _____

Withdrawn      _____

Refused        _____

## INSTRUCTION NO.  4

### <u>Excluding Statements Of Judge</u>

During the course of a trial I occasionally make comments to the lawyers, or ask questions of a witness, or admonish a witness concerning the manner in which he should respond to the questions of counsel.   Do not assume from anything I have said that I have any opinion concerning any of the issues in this case.   Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

Given          _____

Modified       _____

Withdrawn      _____

Refused        _____

## INSTRUCTION NO. 5

### Judicial Notice

The court may take judicial notice of certain facts or events. When the court declares it will take judicial notice of some fact or event, you may accept the court's declaration as evidence, and regard the fact or event which has been judicially noticed as conclusively proved.

Given          _____

Modified       _____

Withdrawn      _____

Refused        _____

**INSTRUCTION NO. 6**

**<u>Stipulation</u>**

In this case, the parties have agreed, or stipulated, as to certain facts. This means that they both agree that these facts are true. You should therefore treat these facts as having been conclusively proved.

Given          _____

Modified       _____

Withdrawn      _____

Refused        _____

**INSTRUCTION NO. 7**

**<u>Depositions</u>**

Certain testimony has been read into evidence from depositions.   A deposition is testimony taken under oath before the trial and preserved in writing.   You are to consider that testimony as if it had been given in court.

Given            _____

Modified        _____

Withdrawn     _____

Refused         _____

**INSTRUCTION NO. 8**

**Interrogatories**

During the course of the trial you have heard reference made to the word "interrogatory". An interrogatory is a written question asked by one party of another, who must answer it under oath in writing. You are to consider interrogatories and the answers thereto the same as if the questions had been asked and answered here in court.

Given          _____

Modified       _____

Withdrawn      _____

Refused        _____

## INSTRUCTION NO.  9

### **Direct And Circumstantial Evidence**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony of an eyewitness.  Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

You are to consider both direct and circumstantial evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

Given            _____

Modified         _____

Withdrawn        _____

Refused          _____

## INSTRUCTION NO. 10

### <u>Credibility Of Witnesses</u>

Now, I have said that you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the testimony.  In weighing the testimony of a witness you should consider the witness' (1) relationship to the plaintiff or to the defendant, (2) interest, if any, in the outcome of the case, (3) manner of testifying, (4) opportunity to observe or acquire knowledge concerning the facts about which the witness testified, and (5) candor, fairness and intelligence.  You should also consider the extent to which the witness has been supported or contradicted by other credible evidence.  You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact.  You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

Given          _____

Modified       _____

Withdrawn      _____

Refused        _____

**INSTRUCTION NO. 11**

**<u>Impeachment - Generally</u>**

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something that is inconsistent with the witness' present testimony or failed to say or do something that would be consistent with the present testimony had it been said or done.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

Given            _____

Modified        _____

Withdrawn    _____

Refused         _____

# INSTRUCTION NO. 12

## **Reputation For Truthfulness**

A witness may also be discredited or impeached by evidence that the general reputation of the witness for truth and veracity is bad in the community where the witness now resides, or has recently resided.

Given          _____

Modified       _____

Withdrawn      _____

Refused        _____

### INSTRUCTION NO. 13

### Corporation Responsible For Acts And
### Declarations Of Its Agents And Employees

When a corporation is involved, of course, it may act only through natural persons as its agents or employees; and, in general, any agent or employee of a corporation may bind the corporation by acts and declarations made while acting within the scope of the authority delegated by the corporation, or within the scope of the agent's or employee's duties to the corporation.

Given _____

Modified _____

Withdrawn _____

Refused _____

# INSTRUCTION NO. 14

## <u>Burden Of Proof – Multiple Claims</u>

In a civil action such as this, each party asserting a claim, as hereafter described. has the burden of proving every essential element of his claim by a "preponderance of the evidence."  A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true.   In other words, to establish a claim by a "preponderance of the evidence" merely means to prove that the claim is more likely so than not so.

Where more than one claim is involved, as in this case, you should consider each claim, and the evidence pertaining to it, separately, as you would had each claim been tried before you separately; but in determining any fact in issue, you may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them.

If a preponderance of the evidence does not support each essential element of a claim, then the jury should find against the party having the burden of proof as to that claim.

Given          _____

Modified       _____

Withdrawn      _____

Refused        _____

## INSTRUCTION NO. 15

### Duty To Deliberate

Your verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree thereto.  In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment.  Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times you are not partisans.  You are judges -- judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

Given          _____

Modified       _____

Withdrawn      _____

Refused        _____

# INSTRUCTION NO. 16

## Damages Instruction Not Relevant To Liability

Of course, the fact that I have given you instructions concerning the issue of plaintiff's damages should not be interpreted in any way as an indication that I believe the plaintiff should, or should not, prevail in this case.

Given          _____

Modified       _____

Withdrawn      _____

Refused        _____

**INSTRUCTION NO. 17**

**Verdict Form**

Upon retiring to the jury room you should first select one of your number to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court. A form of verdict has been prepared for your convenience.

(Explain verdict)

You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill it in, date and sign it, and then return to the courtroom.

If, during your deliberations, you should desire to communicate with the Court, please reduce your message or question to writing signed by the foreperson. The foreperson will then contact the Courtroom Deputy via the telephone located in the hallway outside the jury room. The Courtroom Deputy will pick up the note and bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.

Given           _____

Modified        _____

Withdrawn       _____

Refused         _____

## II.      STIPULATED JURY INSTRUCTIONS

### INSTRUCTION NO. 18

### Preliminary Instruction—ADA Employment Actions

The claim made by the plaintiff is based on a federal law known as the Americans with Disabilities Act, which will be referred to in these instructions as the ADA.

Under the ADA, an employer may not deprive a qualified individual with a disability of an employment opportunity because of the disability, if the disability does not interfere with the essential functions of the position. An employer who violates this statute may be liable for monetary damages.  It is also unlawful for an employer to retaliate against an employee for making a complaint of discrimination or requesting an accommodation.

The plaintiff, Jared Jibben, seeks damages against the defendant, United Parcel Service (referred to herein as "UPS"), for intentional unlawful discrimination and retaliation under the ADA and the Nevada Civil Rights laws. UPS denies the plaintiff's claim.


Given              _____

Modified           _____

Withdrawn          _____

Refused            _____


**SOURCE**:  Ninth Circuit Model Civil Jury Instruction, § 15.1 (as modified)

## INSTRUCTION NO. 19

### Conduct Of The Jury

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case please let me know about it immediately;

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the bailiff to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide that case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Given            _____

Modified         _____

Withdrawn        _____

Refused          _____

**SOURCE**:  Ninth Circuit Model Civil Jury Instruction, § 1.9

# INSTRUCTION NO. 20

## No Transcript Available To Jury

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

Given          _____

Modified       _____

Withdrawn      _____

Refused        _____

**SOURCE**: Ninth Circuit Model Civil Jury Instruction, § 1.10

**INSTRUCTION NO. 21**

**Taking Notes**

If you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you so that you do not hear other answers by witnesses. When you leave, your notes should be left in the jury room.

Whether or not you take notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

Given          _____

Modified       _____

Withdrawn      _____

Refused        _____

**SOURCE**:  Ninth Circuit Model Civil Jury Instruction, § 1.11

# INSTRUCTION NO. 22

## <u>Outline Of Trial</u>

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, the attorneys will make closing arguments and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

Given           _____

Modified        _____

Withdrawn       _____

Refused         _____

**SOURCE:** Ninth Circuit Model Civil Jury Instruction, § 1.12

## INSTRUCTION NO. 23

### Burden Of Proof—Preponderance Of The Evidence

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Given          _____

Modified       _____

Withdrawn      _____

Refused        _____

**SOURCE**:  Ninth Circuit Model Civil Jury Instruction, § 1.13

**INSTRUCTION NO. 24**

**Cautionary Instruction—First Recess**

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately. Do not read or listen to any news reports of the trial. Finally, you are reminded to keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the bailiff to give to me.

I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on such occasions.

Given            _____

Modified         _____

Withdrawn        _____

Refused          _____

**SOURCE**: Ninth Circuit Model Civil Jury Instruction, § 2.1

## INSTRUCTION NO. 25

### Bench Conferences And Recesses

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Given          _____

Modified       _____

Withdrawn      _____

Refused        _____

**SOURCE**:  Ninth Circuit Model Civil Jury Instruction, § 2.2

## INSTRUCTION NO. 26

## <u>Charts And Summaries Not Received In Evidence</u>

Certain charts and summaries that have not been received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Given          _____

Modified       _____

Withdrawn      _____

Refused        _____

**SOURCE:**  Ninth Circuit Model Civil Jury Instruction, § 3.9

**INSTRUCTION NO. 27**

**<u>Use Of Notes</u>**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

Given         _____

Modified      _____

Withdrawn     _____

Refused       _____

**SOURCE**:  Ninth Circuit Model Civil Jury Instruction, § 4.2

# INSTRUCTION NO. 28

## Communication With Court

If it becomes necessary during your deliberations to communicate with me. you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

Given        _____

Modified    _____

Withdrawn  _____

Refused     _____

**SOURCE**: Ninth Circuit Model Civil Jury Instruction. § 4.3

**INSTRUCTION NO. 29**

**Elements Of ADA Employment Action**

To establish a claim of disability discrimination under the ADA, the plaintiff must prove the following elements by a preponderance of the evidence:

1.      The plaintiff has a disability within the meaning of the ADA:

2.      The plaintiff was a qualified individual: and

3.      The plaintiff's disability was a motivating factor in a decision to discharge the plaintiff's employment or otherwise discriminate against the plaintiff. It is not necessary for the plaintiff to prove that his disability was the sole or exclusive reason for the defendant's decision.

If you find that each of the elements on which the plaintiff has the burden of proof has been proved, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the defendant.

Given          _____

Modified       _____

Withdrawn      _____

Refused        _____

**SOURCE**: Ninth Circuit Model Civil Jury Instructions, § 15.2

**INSTRUCTION NO. 30**

**Nevada Law**

  The plaintiff has also brought claims under the Nevada Civil Rights Act. The language of the Nevada statute is similar to the language of the ADA and the same standards and definitions that apply to the ADA also apply to the Nevada Civil Rights Act. Therefore, if you find that the defendant violated the ADA, then you should also find that the defendant violated the Nevada Civil Rights Act. If you find that the defendant did not violate the ADA, then you should also find that the defendant did not violate the Nevada Civil Rights Act.

Given    _____

Modified   _____

Withdrawn  _____

Refused    _____

**SOURCE:** Hirschhorn v. Sizzler Rests. Int'l, Inc., 913 F. Supp. 1393, 1398 (D. Nev. 1995).

# INSTRUCTION NO.  31

## Discrimination

The Americans with Disabilities Act defines "discrimination" as not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified employee with a disability, unless the employer can demonstrate that the accommodation would impose an undue hardship on the employer's business.

Given         _____

Modified      _____

Withdrawn     _____

Refused       _____

**SOURCE:**  42 U.S.C. § 12112 (b)(5)(A)

**INSTRUCTION NO. 32**

**Disability Defined**

The first element of the ADA claim that the plaintiff must prove is that the plaintiff has a recognized disability under the ADA. A "disability" under the ADA is a physical or mental impairment, a record of physical or mental impairment, or being regarded as having a physical or mental impairment that substantially limits one or more of the major life activities of such individual.

The terms disability and physical or mental impairment include (1) any physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems: neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genitor-urinary, hemic and lymphatic, skin and endocrine, and (2) any mental or psychological disorder such as mental retardation, organic brain syndrome, emotion or mental illness, and learning disabilities.

Major life activities are the normal activities of living which a non-disabled person can do with little or no difficulty, such as caring for oneself, performing manual tasks, walking, sleeping, seeing, hearing, speaking, breathing, learning, engaging in sexual relations, reproducing, interacting with others, and working.

A limitation is substantial if the disabled person is unable to perform the activity or is significantly restricted doing so.

//

//

//

Factors to consider in deciding whether a major life activity is substantially limited include:

    (1)    the nature of the severity of the impairment;

    (2)    the duration or expected duration of the impairment; and

    (3)    the permanent or long-term impact of the impairment.

Given      _____

Modified    _____

Withdrawn   _____

Refused     _____

**SOURCE:**  Ninth Circuit Model Civil Jury Instructions, § 15.3

**INSTRUCTION NO. 33**

**<u>Corrected Or Mitigated Disability</u>**

  To qualify as disabled under the ADA, the plaintiff must have an impairment that, when viewed in its corrected or mitigated state, substantially limits a major life activity. Methods used to correct or mitigate disabilities are not limited to artificial aids, like medications and devices.

Given    _____

Modified   _____

Withdrawn  _____

Refused    _____

**SOURCE**: Ninth Circuit Model Civil Jury Instruction, § 15.5

**INSTRUCTION NO.  34**

**Effects of Medication**

In determining whether a person is disabled within the meaning of the ADA, it makes no difference whether the major life function is affected directly by the disability or indirectly by the side effects of the medication taken for a medical or physical condition.

Given            _____

Modified         _____

Withdrawn        _____

Refused          _____

**SOURCE:** Fehr v. McLean Packaging Corp., 860 F.Supp. 198, 200 (E.D. Pa. 1994); Guice Mills v. Derwinski, 967 F.2d 794, 797 (2nd Cir. 1992); Overton v. Reilly, 977 F.2d 1190, 1195 (7th Cir. 1992)

1

2 **INSTRUCTION NO. 35**

3 **Record Of Impairment**

4
An individual has a "record of an impairment" if the individual "has a history of, or has
5
been misclassified as having, a mental or physical impairment that substantially limits one or
6
more major life activities."
7

8

9

10

11

12

13

14

15

16

17

18

19

20 Given      _____

21 Modified   _____

22 Withdrawn  _____

23 Refused    _____

24

25 **SOURCE:**   Sherrod v. American Airlines, Inc., 132 F.3d 1112, 1120-1121 (5th Cir. 1998).

26

**INSTRUCTION NO. 36**

**<u>Regarded as Disabled</u>**

A person is "regarded as disabled" when (1) the employer mistakenly believes that a person has a physical impairment that substantially limits one or more major life activities, or (2) the employer mistakenly believes that an actual, non-limiting impairment substantially limits one or more major activities.

Given          _____

Modified       _____

Withdrawn      _____

Refused        _____

**SOURCE:** <u>Murphy v. United Parcel Service, Inc.</u>, 527 U.S. 516, 521-22 (1999).

**INSTRUCTION NO. 37**

**Work As A Major Life Activity**

When the major life activity under consideration is that of working, the plaintiff must prove, by a preponderance of the evidence, that the plaintiff was precluded from employment in a broad class of jobs. The inability to perform a single, particular job does not itself constitute a substantial limitation in the major life activity of working.

Other factors that you should consider when determining whether the plaintiff is substantially limited in the major life activity of working include:

(1) the geographical area to which the plaintiff has reasonable access, and

(2) the number and types of jobs utilizing similar training, knowledge, skills or abilities, within the geographical area, from which the plaintiff is also disqualified.

Given            _____

Modified         _____

Withdrawn        _____

Refused          _____

**SOURCE**:  Ninth Circuit Model Civil Jury Instruction, § 15.4

**INSTRUCTION NO. 38**

**<u>Qualified Individual</u>**

The second element of the ADA claim that the plaintiff must prove is that the plaintiff is a qualified individual under the ADA.

The term qualified individual means an individual with a disability who, with or without a reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires. The individual must satisfy the requisite skill, experience, education, and other job-related requirements of the employment position.

Given          _____

Modified       _____

Withdrawn      _____

Refused        _____

**SOURCE**: Ninth Circuit Model Civil Jury Instruction. § 15.6

**INSTRUCTION NO. 39**

## Ability To Perform Essential Functions — Factors

If you find that the plaintiff was qualified for the employment position, you must determine, by a preponderance of the evidence, whether the plaintiff was able to perform all of the essential functions of the employment position with or without a reasonable accommodation.

An essential function of an employment position means the fundamental job duties of the employment position the plaintiff holds or desires. It does not include the marginal functions that may occur through the course of a job.

You must consider the employer's judgment as to what functions of a job are essential. If any employer has prepared a written description before advertising or interviewing applicants for the job, this description is evidence of the essential functions of the job.

Other factors that may bear upon whether a job function is essential include, but are not limited to:

1)      whether the reason the position exists is to perform that function;

2)      whether there are a limited number of employees available among whom the performance of that job function can be distributed;

3)      whether the job function is highly specialized, and the person in that particular position is hired for his expertise or ability to perform the particular function;

4)      the amount of time spent performing the job function; and

//

//

5)   the consequences of not requiring the individual holding the position to perform the function;

6)   the work experience of past employees who have held the position; and

7)   the work experience of current employees that hold similar positions.

Given          _____

Modified       _____

Withdrawn      _____

Refused        _____

**SOURCE**:  Ninth Circuit Model Civil Jury Instruction, § 15.7 (as modified).

## INSTRUCTION NO. 40

### <u>Reasonable Accommodation</u>

If you find the plaintiff qualified for the position but able to perform the job only with some form of accommodation, then you must determine whether the defendant had a duty to provide a reasonable accommodation.

To establish the defendant's duty to provide a reasonable accommodation, plaintiff must prove, by a preponderance of the evidence, both of the following elements:

    1.    (a) the plaintiff informed the defendant of the need for an accommodation due to a disability, or

        (b) the defendant knew, or had reason to know:

            (i) that the plaintiff has a disability;

            (ii) that the plaintiff was experiencing workplace problems because of the disability; and

            (iii) that the disability prevented the plaintiff from requesting a reasonable accommodation, and

    2.    the defendant could have made a reasonable accommodation that would have enabled the plaintiff to perform the essential functions of the job.

Under the ADA, a reasonable accommodation by the defendant may include, but is not limited to:

        (1) modifying or adjusting a job application process to enable a qualified applicant with a disability to be considered for the position;

/ /

(2) making existing facilities used by employees readily accessible to and usable by individuals with disabilities;

(3) job restructuring;

(4) part-time or modified work schedule;

(5) reassignment to a vacant position;

(6) acquisition or modifications of examinations, training materials or policies;

(7) provision of qualified readers and interpreters; or

(8) other similar accommodations for individuals with plaintiff's disabilities.

A reasonable accommodation does not include changing or eliminating any essential function of employment, shifting any of the essential functions of the subject employment to others, or creating a new position for the disabled employee.

If the plaintiff rejects a reasonable accommodation that is necessary to enable the plaintiff to perform the essential functions of the position, and plaintiff cannot, as a result of that rejection, perform the essential functions of the position, the plaintiff cannot be considered a qualified individual.


Given           _____

Modified        _____

Withdrawn       _____

Refused         _____


**SOURCE:**  Ninth Circuit Model Civil Jury Instructions, § 15.8.

**INSTRUCTION NO. 41**

**Request for Reasonable Accommodation**

In order to request a "reasonable accommodation" under the ADA, an employee need not specifically refer to the Americans with Disability Act or mention a "reasonable accommodation" to trigger the employer's obligation to accommodate the disabled employee. The employee need only let the employer know that some adjustment or change is requested at work because of a disability.

Given      _____

Modified      _____

Withdrawn      _____

Refused      _____

**SOURCE**: EEOC Technical Assistance Manual (1992) at III-8; Buttermeyer v. Fort Wayne Community Schools, 100 F.3d 1281, 1286 (7th Cir. 1996); Schmidt v. Safeway, Inc., 864 F.Supp. 991 (D. Or. 1994)

1

2

3

4

**INSTRUCTION NO. 42**

**Duty to Engage in an Interactive Process**

The law requires an employer and an employee to engage, in good faith, in an interactive process to determine whether a reasonable accommodation exists that would enable the employee to perform the essential functions of the position the employee holds or desires. If the employee fails or refuses to participate in this interactive process, then the employee is not entitled to recover against an employer for failure to reasonably accommodate.

Given          _____

Modified       _____

Withdrawn      _____

Refused        _____

**SOURCE**: <u>Allen v. Pacific Bell</u>, 348 F.3d 1113, 1115-1116 (9th Cir. 2003).

**INSTRUCTION NO.  43**

**No Accommodation Required If "Regarded As" Disabled**

An employer is not required to provide a reasonable accommodation to a plaintiff whose disability claim is based solely on being "regarded as" disabled.

Given            _____

Modified         _____

Withdrawn        _____

Refused          _____

**SOURCE:**    Kaplan v. City of N. Las Vegas, 323 F.3d 1226, 1232 (9th Cir. 2003); Weber v. Strippit, Inc., 186 F.3d 907, 917 (8th Cir. 1999);  Workman v. Frito-Lay, Inc., 165 F.3d 460, 467 (6th Cir. 1999).

## INSTRUCTION NO. 44

### Retaliation

It is unlawful for a person or entity to discriminate against any individual because that individual has opposed any act or practice that he or she reasonably believes to be unlawful under the ADA or because that individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the ADA.

Disability is not an element of a retaliation action under the ADA.

For the plaintiff to establish retaliation in violation of the ADA, the plaintiff must prove the following elements by a preponderance of evidence:

1.      the plaintiff engaged in conduct protected under the ADA;

2.      the plaintiff was subjected to an adverse employment action at the time, or after, the protected conduct occurred; and

3.      the plaintiff's protected activity was a motivating factor in the defendant's adverse employment action. It is not necessary for the plaintiff to prove that the plaintiff's protected activity was the sole or exclusive reason for the defendant's decision.

//

//

//

//

//

//

If you find that each of the elements on which the plaintiff has the burden of proof has been proved, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the defendant.

Given       _____

Modified     _____

Withdrawn    _____

Refused      _____

**SOURCE**: Ninth Circuit Civil Jury Instructions, §15.10.

**INSTRUCTION NO.  45**

**"Adverse Employment Action" In Retaliation Cases**

An action is an adverse employment action if it is reasonably likely to deter an employee from engaging in protected activity.

Given          _____

Modified       _____

Withdrawn      _____

Refused        _____

**SOURCE:**     Ninth Circuit Model Civil Jury Instruction, § 12.4A.1.

## INSTRUCTION NO. 46

### <u>Damages—Proof</u>

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following in determining the measure of damages:

The nature and extent of the injuries;

The mental, physical and emotional pain and suffering experienced and which with reasonable probability will be experienced in the future;

The reasonable value of wages and benefits lost to the present time.

The reasonable value of wages, earnings and earning capacity which with reasonable probability will be lost in the future;

The plaintiff has the burden of proving damages by a preponderance of the evidence, and it is for you to determine what damages, if any, have been proved.

//

1    Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Given            _____

Modified         _____

Withdrawn        _____

Refused          _____


**SOURCE**:  Ninth Circuit Model Civil Jury Instruction, §§ 7.1, 7.2

# INSTRUCTION NO. 47

## <u>Damages--Mitigation</u>

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1.      that the plaintiff failed to use reasonable efforts to mitigate damages; and

2.      the amount by which damages would have been mitigated.

Given            _____

Modified         _____

Withdrawn        _____

Refused          _____

**SOURCE**:  Ninth Circuit Model Civil Jury Instruction, § 7.3

## INSTRUCTION NO. 48

### <u>Back Pay</u>

If you determine the defendant discriminated against the plaintiff in terminating him, then you must determine the amount of damages that the defendant's actions have caused the plaintiff.

You may award as actual damages an amount that reasonably compensates the plaintiff for any lost wages and benefits, taking into consideration any increases in salary and benefits, including pension, that the plaintiff would have received had the plaintiff not been discriminated against.

You must reduce any award by the amount of the expenses that the plaintiff would have incurred in making those earnings and by the amount that Jibben has earned since his employment with UPS ended.

Given       _____

Modified     _____

Withdrawn   _____

Refused      _____

**SOURCE**: Federal Jury and Practice Instructions § 172.71 (5th ed.).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**INSTRUCTION NO.  49**

**Punitive Damages**

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter a defendant and others from committing similar acts in the future.

The plaintiff has the burden of proving that punitive damages should be awarded, and the amount, by a preponderance of the evidence. You may award punitive damages only if you find that defendant's conduct was malicious, or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety, rights, or the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law.

///

///

///

1
2          If you find that punitive damages are appropriate, you must use reason in setting the
3   amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but
4   should not reflect bias, prejudice or sympathy toward any party. In considering punitive damages,
5   you may consider the degree of reprehensibility of the defendant's conduct and the relationship of
6   any award of punitive damages to any actual harm inflicted on the plaintiff.
7
8
9
10
11
12
13
14   Given          _____
15   Modified        _____
16   Withdrawn       _____
17   Refused         _____
18
19
20   **SOURCE**: Ninth Circuit Model Civil Jury Instruction, § 7.5
21
22
23
24
25
26

## INSTRUCTION NO. 50

### Punitive Damages: Defendant's Good Faith

However, if you determine that the defendant's disability discrimination was contrary to the defendant's good faith efforts to comply with the federal law forbidding disability discrimination, the plaintiff is not entitled to punitive damages.  In determining the good faith of the defendant, you may consider whether, before the conduct in question, the defendant instituted policies prohibiting discrimination, and trained its personnel to ensure equal treatment of disabled individuals.  On the issue of good faith, the defendant bears the burden of proof.

Given          _____

Modified       _____

Withdrawn      _____

Refused        _____

**SOURCE:**  Kolstad v. American Dental Association. 527 U.S. 526, 542-45 (1999).

**INSTRUCTION NO. 51**

**Damages Arising In The Future—Discount To Present Cash Value**

Any award for future economic damages must be for the present cash value of those damages.

Noneconomic damages such as pain and suffering are not reduced to present cash value.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages would have been received.

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill.

Given            _____

Modified         _____

Withdrawn        _____

Refused          _____

**SOURCE**: Ninth Circuit Model Civil Jury Instructions, § 7.4

**INSTRUCTION NO. 52**

**Return Of Verdict**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

Given          _____

Modified       _____

Withdrawn      _____

Refused        _____

**SOURCE**:  Ninth Circuit Model Civil Jury Instruction, § 4.4