VICTOR M. PERRI, ESQ.
Nevada Bar No. 001267
VICTOR M. PERRI & ASSOCIATES
633 South Fourth Street, Suite #4
Las Vegas, Nevada 89101
Telephone (702) 385-1340
Telefacsimile (702) 387-2484
Attorney for Plaintiff

ORIGINAL

2005 AUG 23   A 11: 05

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JARED JIBBEN,<br><br>                    Plaintiff,<br><br>vs.<br><br>UNITED PARCEL SERVICE,<br><br>                    Defendants. | CASE NO.    CV-S-02-0039-DAE(RJJ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S PROPOSED INSTRUCTIONS AND TO DEFENDANTS INSTRUCTIONS**

COMES NOW the above-named Plaintiff, Jared Jibben, ("Jibben") by and through counsel, victor M. Perri, Esq., and hereby submits the following memorandum of points and authorities in support of certain instructions proposed by the Plaintiff, Jibben and to object to certain instructions proposed by the Defendant, UPS, pursuant to the prior minute order of the Court.

## I. INTRODUCTION

The parties have exchanged proposed jury instructions. On Thursday, August 18, 2005 Victor m. Perri, Esq., attorney for the Plaintiff, conferred telephonically with Robert K. Jones, Esq., and Sandra Creta, Esq. Quarles &Brady Streich Lang, attorneys for Defendant UPS, and were able to stipulate to the vast majority of Instructions under consideration and to be given by the Court. Plaintiff objected to certain of Defendant's proposed instructions and Defendant's objected to certain of Plaintiff's proposed instructions. Copies of Plaintiff's proposed jury instructions objected to by Defendant are attached as Exhibit A1-A-6.

C:\wpdocs\Civil\Jibben\memopropinst.wpd

1

97

# I. PLAINTIFF'S PROPOSED JURY INSTRUCTIONS OBJECTED TO BY DEFENDANT

## A. JURY INSTRUCTIONS-A-1

This Instruction states:

> The requirement that the employee show he is otherwise qualified disabled person who can perform the essential functions of a job, with or without an accommodation, is not limited solely to the employee's existing or last job with the employer, but includes other jobs within the employer's business the employee wants or "desires."

This instruction is a correct statement of the law. Indeed, the Comment to the Ninth Circuit Model Civil Jury Instruction ("MCJI") 15.7 states "'Holds or desires' has been interpreted by the Ninth Circuit to refer to situations where a plaintiff requests reassignment 'even if they cannot perform the essential functions of the current position.' Barnett v. U.S Air, Inc., 228 F. 3d 1105, 1111 (9th Cir. 2000), cert. Granted in part,-U.S.-, 121 S.Ct. 1600 (2001)[1] .

While the MCJI 15.3 has been stipulated to by the parties Plaintiff believes further clarification is necessary for the jury to understand Jibben's obligation to show he was an otherwise qualified disabled employee is not narrowly limited to the last "job" or assignment Jibben was given by UPS before termination. This is particularly significant in this case because Jibben was working as a Local Sort Supervisor, a position that did not require he meet DOT driving requirements, when he took his first short term disability leave. Strangely, after Jibben was released to return to work by his doctor, Jibben was not allowed to return to the Local Sort Supervisor job, but was reassigned to being an "On-Road" Supervisor position.

---

[1] The U. S. Supreme court in U.S. Air, Inc. V. Barnett, 535 U.S. 391 (2002) reversed in part the En Banc decision of the Ninth circuit in Barnett v. U.S. Air, Inc., 228 F. 3d 1105 (9th Cir. 2000) to the extent of ruling the employer need not provide an accommodation to a disabled employee in violation of a collective bargaining agreement, which has no application to this case.

## B. INSTRUCTION "A-2" "GOOD FAITH EFFORTS"

Jibben has proposed an Instruction that defendant has objected to stating the following:

> In order to demonstrate good faith efforts to identify and make a reasonable accommodation, for an employee with a disability, an employer must prove by a preponderance of the evidence that it is engaged in a flexible interactive process of consultation with the employee. In this case it is the burden of proof of the Defendant, United Parcel Service, to show it could not reasonably accommodate the Plaintiff, Jibben's disability.

This Instruction is also based specifically upon the holding of the U.S. District Court of Appeals for the Ninth Circuit, (En Banc), in Barnett v. U.S. Air, Inc., 228 F. 3d 1105 (9th Cir. 2000), reversed in part, U.S. Airways, Inc. V. Barnett, 535 U.S. 391 (Stevens concurring).

In the Barnett decision the Ninth Circuit stated, "Almost al of the circuits to rule on the question have held that an employer has a mandatory obligation to engage in the interactive process and this obligation is triggered either by the employee's request for an accommodation or by the employer's recognition of the need for accommodation." Barnett v. U.S. Air, 228 F. 3d at 1112. (Emphasis added).

Further language of the Ninth Circuit in Barnett decision refers to the employers obligation "to demonstrate good faith" in the interactive process and the Court held "that employers, who fail to engage in the interactive process in good faith, face liability for the remedies imposed by the statute ..." Barnett v. U.S. Air, Inc., 228 F. 3d at 1116.

Finally, the Ninth Circuit in two earlier decisions under the Rehabilitation Act, the sister statute of the ADA, both concerning employees with epilepsy ruled that the burden of proving inability to accommodate a disabled employee rests with the employer. Reynolds v. Bock 815 F. 2d 571, 575 (9th Cir. 1987); Mantolete v. Bolger, 767 F. 2d 1416, 1423 (9th Cir. 1985); Prewitt v. United States Postal Service, 662 F. 2d 292,308 (5th Cir. 1981); Mook, ADA: Employee Rights and Employers Obligations 4.04[3], stating job qualifications limiting hiring or accommodating a disabled employee are the burden of the employer to prove. See also, Bentiregna v. U.S. Department of Labor, 694 F. 2d 619 (9th Cir. 1982).

## C. PLAINTIFF'S EXHIBIT A-3 "100 %HEALED RULE"

Plaintiff has proposed an Instruction stating the following:

If you find that Defendant, United Parcel Service, had a rule or policy prohibiting Plaintiff,

Jibben, from returning to work with Defendant until Plaintiff, Jibben was 100% healed, then you must find for the Plaintiff, Jibben, against the Defendant, United Parcel Service.

One of the key issues in this case is whether, as Jibben has testified to, UPS, pursuant to some rule or policy, was categorically refusing to work in November of 2000 if he had <u>any restrictions</u> placed upon him by his physician whatsoever. According to Jibben, he was told by James Bamberg, H.R. Manager, that UPS could not accommodate Jibben's disability because Jibben had to be "unconditionally released with no restrictions." (Affidavit Jibben in opposition to Motion for Summary Judgment, paragraph 8.)

In <u>McGregor v. national Railroad Passenger Corp.</u>, 182 F. 3d 1113 (9th Cir. 1999) the Ninth Circuit enunciated that an employer's policy or rule of this nature is a "per se" violation of the ADA, stating the following, <u>McGregor v. National Railroad Passenger Corp.</u>, 187 F. 3d at 1116:

> McGregor is <u>correct in noting that "100% healed" or "fully healed" policy discriminates against qualified individuals with disabilities because such a policy permits employers to substitute a determination of whether a qualified individual is "100% healed" from their injury for the required individual assessment whether the qualified individual is able to perform the essential functions of his or her job either with or without accommodation.</u> (Citations omitted).

The Ninth Circuit followed its decision in <u>McGregor v. National Railroad Passenger Corp.</u>, <u>supra</u>, in <u>Johnson v. Paradise Valley U.S.D.</u>, 251 F. 3d 1222 (9th Cir. 2001) reversing the District Court entry of a JNOV and reinstating the jury verdict against the employer.

The jury in this case should be instructed on one of Plaintiff's fundamental and most important theories of the case soundly grounded in the law to assure Plaintiff a fair trial.

## D. PLAINTIFF'S EXHIBIT A-4-DUTY TO ACCOMMODATE

In the case of <u>Davis v. Microsoft corp.</u>, 37 P. 3d 333 (Washington 2002), cited in Defendant's Motion for Summary Judgment, 19:16, the Washington Court ruled that it is the employer's duty "to take affirmative steps to inform an employee of vacant job opportunities and to determine whether in fact the employee is qualified for those positions." <u>Davis v. Microsoft Corp.</u>, 37 P. 3d at 893. As further stated by the Court, "It is the employer that stands in the better position to know or efficiently determine whether vacant positions can accommodate an employee's disability." <u>Davis v. Microsoft Corp.</u>, 37 P.3d at 338.

## E. PLAINTIFF INSTRUCTION "A-1"-DAMAGES-FAILING TO ACCOMMODATE

1   Plaintiff has an additional jury instruction on damages to clarify that Plaintiff is entitled to
2   damages for Defendant's discrimination in failing to reasonably accommodate his disability should
3   the jury so find and that such damages should make the Plaintiff "whole."

4   **F. PLAINTIFF EXHIBIT "A-5"-EMOTIONAL DISTRESS**

5   Plaintiff has prepared jury instruction to cover damages for pain and suffering and emotional
6   distress that he believes should be read to the jury so that the jury understands the nature of such
7   damages and that the award is based upon "sound discretion" of the jury.

8   **G. MIXED MOTIVE INSTRUCTION "A-6" AND OBJECTION TO DEFENDANT'S**
9   **MIXED MOTIVE INSTRUCTION**

10  Plaintiff's counsel prepared a "mixed motive" jury instruction based upon the U.S. Supreme
11  Court decision in <u>Desert Palace, Inc. v. Costa</u>, 539 U.S. 90 (2003) unanimously affirming the En
12  Banc ninth Circuit opinion in <u>Costa v. Desert Palace Inc.,</u> 299 F. 3d 838 (9th Cir. 2002) and virtually
13  verbatim from the Ninth Circuit MCJI 12.2 (applicable to title VII cases.). The only modification
14  is Plaintiff's proposed instruction, a copy of which is attached as Exhibit "A-6", Ninth Circuit MCJI
15  12.2 is the use of the term "disability" instead of "race, color, sex, religion, or national origin" as the
16  Ninth Circuit is specifically designed for Title VII cases not ADA cases.

17  During the course of discussions as to proposed jury instructions between counsel, Plaintiff's
18  counsel faxed a copy of the Mixed Motive Instruction he had prepared to Defendant's counsel.

19  Defendant's counsel essentially utilized plaintiff's proposed instruction(as virtually verbatim
20  from MCJI 12.2) to refashion a new proposed "mixed motive" instruction which Plaintiff objected
21  to. The Defendant's proposed instruction alters the Ninth Circuit MCJI 12.2 and, accordingly
22  Plaintiff's proposed instruction in significant and substantial way, and, therefore, is <u>not</u> a correct
23  statement of the law. Defendant's proposed deletes the language that the jury must find that
24  Defendant was motivated by a "lawful reason" as well as an unlawful reason in order for the case to
25  be treated as a true mixed motive case. As stated in Ninth Circuit MCJI 12.2, the jury must hear
26  evidence that there existed a "lawful reason" for the discharging the Plaintiff and evidence that the
27  decision to discharge or discriminate was due to the Plaintiff being a member of a protected
28  class(race, religion, sex or natural origin as included in the alternative in the proposed instruction).

Defendant's proposed Mixed Motive instruction would confuse the jury to believe that even if the jury could only find based on the evidence illegal discrimination that Defendant fired Jibben due to his disability, Defendant still has a "affirmative defense" to liability. That is incorrect statement of the law.

If the Court determines it is more appropriate to give a "mixed motive" instruction in this case, the Court should use Plaintiff's proposed instruction, which correctly states the law and is virtually identical with the Ninth Circuit MCJI 12.2.

### III. PLAINTIFF PROPOSED GENERAL AND SPECIAL VERDICT FORMS

Plaintiff is submitting four verdict forms, including two general and two special verdict forms, Exhibits A7-A-10". Defendant has seen all of these forms except the last special verdict form, Exhibit "A-10" which was prepared as a follow-up to discussions between counsel as to mixed motive jury instruction.

Defendant's proposed Special Verdict form simply omits one of the Plaintiff's main claims from the jury's consideration that he was terminat4d or discharged from his employment due to his disability.

### IV. DEFENDANT'S PROPOSED JURY INSTRUCTIONS- OBJECTED TO BY PLAINTIFF

THE OBJECTION TO Defendant's mixed motive instruction is set forth under Section II G, discussing Plaintiff's countervailing mixed motive instruction.

### B. OBJECTION TO DEFENDANT'S PROPOSED NO. 36

Defendant, UPS, has offered a jury instruction an Instruction Defendant has entitled "Medical Diagnosis is not a Disability" ostensibly based upon the U.S. Supreme Court decision in Toyota Motor Mfg., Kentucky, Inc. V. Williams, 534 U.S. 184,189 (2002). The title that Defendant, UPS, has given to its own instruction actually dramatizes how likely this proposed Instruction will confuse and mislead the jury.

In Toyota Motor Mfg. KY. v. Williams, 534 U.S. at 198 the U.S. Supreme court did state that "it is insufficient for individuals attempting to prove disability status under this test to merely submit evidence of a medical diagnosis of an impairment." (Emphasis added). The court went on to explain

1  that the ADA requires the Plaintiff to submit evidence based on his experience to show the

2  impairment is substantial, citing <u>Albertson's Inc. V.. Kirkingburg</u>, 527 U.S. at 567 (1999).

3  But, UPS' proposed instruction seems to suggest to the jury that a medical diagnosis is

4  entitled to no weight. This is clearly contrary to the import of the U.S. Supreme Court's

5  enunciations. The medical diagnosis of a disability is evidence that the Plaintiff has a disability within

6  the meaning of the ADA which would be considered with such other evidence, including the

7  Plaintiff's own testimony as addressed at the trial, and the medical diagnosis should not be

8  discounted or nullified by a jury instruction to that effect.

9  **C. OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION "WORKING 40**

10  **HOURS"**

11  Defendant, UPS, has proposed an instruction stating "The inability to work more than 40

12  hours per week does not establish a disability under the ADA."

13  An immediate difficulty, which is believed to be insurmountable, with giving this instruction

14  is the instruction simply does not apply to the facts of this case and is, therefore, only likely to mislead

15  and confuse the jury.

16  Jared Jibben was <u>never</u> limited by any physician to working only 40 hours per week nor was

17  he told he could not work overtime. The limitation of Dr. Blum was 45 hours peer week and as

18  Jibben has testified, the 45 hours may not have been inflexible. Furthermore, the case Defendant,

19  UPS, relies upon for this instruction <u>Tardie v. Rehabilitation Hospital of Rhode Island</u>, 168 F. 3d 538

20  (1st Cir. 1999) apparently only concerned on issues as to whether the Defendant, employer,

21  "regarded" the plaintiff as disables and not whether the plaintiff actually had a disability.

22  **D. OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION "BUSINESS**

23  **JUDGMENT"**

24  Defendant has proposed an Instruction not founded in the Ninth Circuit Model Jury

25  Instructions and which is believed is a considerably modified version of an Instruction from another

26  source "Federal Jury and Practice Instructions."

27  To begin with plaintiff and Defendant have stipulated to instructing the jury as to the law

28  concerning "essential functions" by agreeing to utilize Ninth Circuit MCJI 15.7 "Ability to Perform

1    Essential Functions."

2    The third paragraph of Defendant, UPS, jury instruction on "Business Judgment" is at best

3    cumulative and redundant as already covered by Ninth Circuit MCJI 15.7. at worst, it is simply a

4    misstatement of the law to start the instructions concerning Essential Functions improperly in

5    Defendant's favor to mislead the jury and to place undue emphasis on the requirement that an

6    employee be able to perform the "essential functions" of the job, with or without an accommodation.

7    On that very point, Defendant's proposed instruction in "Business Judgment", in rehearsing

8    what is an "essential function", does <u>not</u> recognize that an employee is an otherwise qualified

9    individual if he can perform the "job" with or without an accommodation.

10    Furthermore, the Defendant's proposed business judgment instructs the jury that the jury

11    <u>shall</u> find any matter contained in a job description to be an essential function. This language

12    contradicts MCJI 15.7 that says that a written description is only "evidence" of the essential

13    functions of the job. <u>See</u> Ninth Circuit MCJI 15.7.

14    **E. OBJECTION TO DEFENDANT'S INSTRUCTION ENTITLED "SEXUAL**

15    **INTERCOURSE AS A MAJOR LIFE ACTIVITY**

16    In <u>McAlindin v. County of San Diego</u>, 192 F. 3d 1226 (9th Cir. 1999) the Ninth Circuit held

17    that procreation and engaging in <u>sexual relations</u> are major life activities for purposes of

18    consideration of a disability under the ADA.

19    Defendant, UPS, has proposed a jury instruction that is apparently at odds with the Ninth

20    Circuit decision in <u>McAlindin v. San Diego County</u>, <u>supra</u>, and to undercut its meaning. This

21    instruction would advise the jury that a "person who is able to engage in sexual activity is not

22    disabled" in the major life activities of engaging of sexual relations." The wording is misleading and

23    congers up an idea that was not the intent of the ADA. Defendant purport to rely on another circuit,

24    <u>Contreros v. Suncast Corp.</u>, 237 F. 3d 756 (7th Cir. 2001).

25    It is submitted that this proposed Instruction does not accurately state the law in the Ninth

26    Circuit.

27

28

## V. CONCLUSION

Plaintiff respectively requests his proposed Instructions be given by the Court and his objections to certain to certain Defendant's proposed Instructions be sustained.

DATED this **23** day of **August** 2005.

VICTOR M. PERRI, ESQ.

## CERTIFICATE OF MAILING

I hereby certify that on the **23** day of August, 2005, I as an employee of VICTOR M. PERRI, ESQ., caused to be served by first class mail **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S PROPOSED INSTRUCTIONS AND TO DEFENDANTS INSTRUCTIONS**, with postage prepaid a copy of thereon, by depositing same with the U.S. Postal service or official depository for the use thereof, to the following:

Catherine Dehlin, Esq.
Quarles & Brady Streich Lang, LLP
One Renaissance Square
Two North Central Avenue
Phoenix, Arizona 85004-2390

Louis Garfinkel, Esq.
3441 S. Eastern Ave., #600
Las Vegas, Nevada 89109

Pam Perri, as an employee of
Victor M. Perri, Esq.

# Exhibit "A-1"

1    The requirement that the employee show he is an otherwise qualified disabled person who

2    can perform the essential functions of a job, with or without an accommodation, is not limited solely

3    to the employee's existing or last job with the employer, but includes other jobs within the employer's

4    business the employee wants or "desires".

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24    Source:        Barnett v. U.S. Air, Inc. , 229 F. 3d 1105, 1111 (9th Cir. En Banc 2000) reversed in

25                   part U.S. Airways v. Barnett, 535 U.S. 391 (2002); Smith v. Midland Brake, Inc., 180

26                   F.3d 1154 (10th Cir. 1999)

27

28    INSTRUCTION NO.  _____

Exhibit "A-2"

1    In order to demonstrate good faith efforts to identify and make a reasonable accommodation,

2    for an employee with a disability, an employer must prove by a preponderance of the evidence that

3    it engaged in a flexible interactive process of consultation with the employee. In this case it is the

4    burden of proof of the Defendant, United Parcel Service, to show that it could not reasonably

5    accommodate the plaintiff, Jibben's disability.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22    Source:      42 U.S.C. Sec. 1981 A(a)(3)(1991); Barnett v. U.S. Air, Inc., 228 F. 3d 1105 (9th

23          Cir. 2000 En Banc); reversed in part U.S. Airways, Inc. V. Barnett, 535 U.S. 391,

24          122 S. Ct. 1516 (Stevens concurring) 535 U.S. at 4047(2002)Reynolds v. Brock, 815

25          F. 2d 571 (9th Cir. 1987); Mantolite v. Bolger, 767 F. 2d 1416 (9th Cir. 1985)

26

27    INSTRUCTION NO. _____

28

C:\...\...\Civil\Jibben\juryinstr.wpd

Exhibit "A-3"

1    If you find that Defendant, United Parcel Service, had a rule or policy prohibiting Plaintiff,

2    Jibben, from returning to work with Defendant until Plaintiff, Jibben was 100% healed, then you

3    must find for the Plaintiff, Jibben against Defendant, United Parcel Service.

25   Source:      Johnson v. Paradise Valley School, 251 F.3d 1222 (9th Cir. 2001); McGregor v.

26                National Railroad Passenger Corp., 187 F. 3d 1113 (9th Cir. 1999)

28   INSTRUCTION NO.   _____

C:\workdocs\Civil\Jibben\juryinstr.wpd

# Exhibit "A-4"

1    If you determine Plaintiff, Jibben was disabled while employed by Defendant, United Parcel

2    Service, then the Defendant, United Parcel Service, in order to fulfill its duty to reasonably

3    accommodate Jibben's disability, was required to notify Plaintiff, Jibben, of any open positions Jibben

4    was qualified for and to take reasonable steps to find an open position for which Jibben was qualified.

26    Source:        Davis v. Microsoft Corp., 37 P. 3d 333 (Washington 2002)

28    INSTRUCTION NO. _____

C:\epdocs\Civil\Jibben jury instrs.wpd

# Exhibit "A-5"

1    If you determine that the Defendant discriminated against the Plaintiff by failing to

2    reasonably accommodate his disability, then you must determine the amount of damages that the

3    Defendant has caused the Plaintiff.

4    You may award as actual damages an amount that reasonably compensates the Plaintiff for

5    any lost wages and benefits, taking into consideration any increases in salary and benefits, including

6    the pension, that the Plaintiff would have received had he not been discriminated against. Basically,

7    you have the ability to make the Plaintiff whole for any wages or other benefits that he has lost as a

8    result of loss of his position or job.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26    Source:    model Jury Instructions Sec. 1.07 (1) Employment Litigation (1994)

27

28    INSTRUCTION NO. _____

C:\up.kc\Civil\Jibben\jurinstr.wpd

Exhibit "A-6"

1    You have heard the evidence that the Defendant's decision to discharge the Plaintiff was
2    motivated by the Plaintiff's disability and by a lawful reason. If you find that the plaintiff's disability
3    was a motivating factor in the Defendant's decision to otherwise discriminate against the Plaintiff,
4    the Plaintiff is entitled to your verdict, even if you find that the Defendant's conduct was also
5    motivated by a lawful reason. However, if you find that the Defendant's decision was motivated both
6    by his disability and a lawful reason, you must decide whether the Plaintiff is entitled to damages.
7    The Plaintiff is entitled to damages unless the Defendant proves by a preponderance of the evidence
8    that the Defendant would have made the same decision even if the Plaintiff's disability had played
9    no role in the employment decision.

23   Source:       Ninth  Circuit MCJI 12.2 (modified to state "disability" under ADA instead of race,
24                 color, religion, sex or national origin.); Costa v. Desert Palace, Inc. 299 F. 3d
25                 838 (9th Cir. En Banc 2002) unanimously affirmed Desert Palace, Inc. v.
26                 Costa, 539 U.S. 90 (2003)

28   INSTRUCTION NO. _____

C:\...\Civil J bbien pursu str.wpd

18

Exhibit "A-7"

VICTOR M. PERRI, ESQ.
Nevada Bar No.  001267
VICTOR M. PERRI & ASSOCIATES
633 South Fourth Street, Suite #4
Las Vegas, Nevada 89101
Telephone (702) 385-1340
Telefacsimile (702) 387-2484
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JARED JIBBEN,<br><br>             Plaintiff,<br><br>     vs.<br><br>UNITED PARCEL SERVICE,<br><br>             Defendants. | CASE NO.   CV-S-02-0039-DAE(RJJ) |

## <u>GENERAL VERDICT</u>

We, the jury in the above-entitled action, find for the Defendant and against the Plaintiff.

DATED this _____ day of _____, 2005.

_____
FOREPERSON

C:\wpdocs\Civil\Jibben\juryinstr.wpd

Exhibit "A-8"

VICTOR M. PERRI, ESQ.
Nevada Bar No. 001267
VICTOR M. PERRI & ASSOCIATES
633 South Fourth Street, Suite #4
Las Vegas, Nevada 89101
Telephone (702) 385-1340
Telefacsimile (702) 387-2484
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

JARED JIBBEN,

        Plaintiff,

    vs.

UNITED PARCEL SERVICE,

        Defendants.

**CASE NO.**   CV-S-02-0039-DAE(RJJ)

**<u>GENERAL VERDICT</u>**

We, the jury in the above-entitled action, find for the Plaintiff and against the Defendant and assess the total amount of Plaintiff's damages at:

$_____ Economic damages

$_____ Pain and Suffering

$_____ Punitive damages

We further find that the total amount of the Plaintiff's damages is divided into past damages and future damages as follows:

Past Damages: $ _____.

Future Damages: $ _____.

DATED this_____ day of _____, 2005.

                               _____
                               FOREPERSON

C:\wpdocs\Cruf\Jibben\juryinstr.wpd

# Exhibit "A-9"

VICTOR M. PERRI, ESQ.
Nevada Bar No. 001267
VICTOR M. PERRI & ASSOCIATES
633 South Fourth Street, Suite #4
Las Vegas, Nevada 89101
Telephone (702) 385-1340
Telefacsimile (702) 387-2484
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JARED JIBBEN,

                    Plaintiff,

     vs.

UNITED PARCEL SERVICE,

                Defendants.

CASE NO.   CV-S-02-0039-DAE(RJJ)

## SPECIAL VERDICT

We, the jury in the above-entitled action, find the following Special Verdict on the questions submitted to us:

1.     On the claim of discrimination due to the failure to accommodate Plaintiff's disability by Defendant, we find in favor of:

          _____   Plaintiff Jared Jibben

          _____   Defendant United Parcel Service

     If the above finding is in favor of Plaintiff, please answer the next question.

2.     If you found in favor of the Plaintiff as to question No. 1 what amount of damages did Plaintiff sustain as a result of disability based discrimination:

C:\wpdocs\Civil\Jibben\juryinstr.wpd

$_____ Present monetary damages (Back pay-loss of benefits)

$ _____ Future monetary damages

$_____ Pain and Suffering

$_____ Punitive damages

3.   On the claim of discharge of the Plaintiff by the Defendant due to Plaintiff's disability, we find in favor of:

_____ Plaintiff,  Jared Jibben

_____ Defendant, United Parcel Service

4.   If you find in favor of the **Plaintiff** as to question No. 1 what amount of damages did Plaintiff sustain as a result of the discharge of Plaintiff's employment:

$ _____ Present monetary damages (Back pay-loss of benefits)

$ _____ Future **monetary** damages

$ _____ Pain and suffering

$ _____ Punitive **damages**

5.   On the claim of retaliation **due** to the Plaintiff asserting rights under the ADA at work, we find in favor of:

_____ **Plaintiff,** Jared Jibben

_____ **Defendant,** United Parcel Service

If the above finding is **in the favor of** Plaintiff, **please** answer the next question.

6.   If you found in favor of the **Plaintiff** as to question No. 3, what amount of damages did Plaintiff sustain as a result **of** being retaliated against:

$ _____ Present **monetary** damages (Back pay-loss of benefits)

$ _____ Future **monetary** damages

$ _____ Punitive **damages**

When you read a decision, **have the** foreperson **sign** and date the Special Verdict form and

C:\updoes\Civil\Jibben\juryinstr.wpd

advise the Marshall that you are return to return to the Courtroom to deliver your verdict.

DATED this _____ day of _____, 2005.

When you reach a decision, have your foreperson sign and date the Special Verdict form and advise the Marshal that you are ready to return to the Courtroom to deliver your verdict.

DATED this _____ day of _____, 2005.

_____
FOREPERSON

C:\wpdocs\Civil\Jibben\jurysinstr.wpd

# Exhibit "A-10"

VICTOR M. PERRI, ESQ.
Nevada Bar No.  001267
VICTOR M. PERRI & ASSOCIATES
633 South Fourth Street, Suite #4
Las Vegas, Nevada 89101
Telephone (702) 385-1340
Telefacsimile (702) 387-2484
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JARED JIBBEN,<br><br>              Plaintiff,<br><br>     vs.<br><br>UNITED PARCEL SERVICE,<br><br>              Defendants. | CASE NO.   CV-S-02-0039-DAE(RJJ) |

## **SPECIAL VERDICT**

We, the jury in the above-entitled action, find the following Special Verdict on the questions submitted to us:

1.    Has Plaintiff by a preponderance of the evidence that his disability was the determining reason for Defendant's decision to discharge Plaintiff, Jibben, from his employment with Defendant, UPS?

_____ Yes    _____ No

(If the answer to Question No. 1 is "yes", proceed to Question No. 5; otherwise proceed to Question No. 2.)

2.    Has Plaintiff proved by a preponderance of the evidence that his disability was a motivating factor for Defendant's decision to discharge Plaintiff, Jibben, , from his employment with Defendant, UPS?

C:\wpdocs\Civil\Jibben\jurymstr.wpd

1       _____ Yes     _____ No

2 (If the answer to Question No. 2 is "yes", proceed to Question No. 3; otherwise if the answer to

3 Question 2 is "no, do not answer any other questions.)

4 3.     Has the Defendant proved by a preponderance of the evidence that the Defendant's

5       decision to discharge the Plaintiff was also motivated by a lawful reason?

6       _____ Yes     _____ No

7       (If the answer to Question No. 3 is "yes", proceed to Question No. 4; otherwise proceed

8 to Question No. 5.)

9 4.     Has the Defendant proved by a preponderance of the evidence that the Defendant would

10       have made the same decision to discharge the plaintiff even if the Plaintiff's disability had

11       played no role in the Defendant's decision to discharge him?

12       _____ Yes     _____ No

13       (If the answer to Question No. 4 is "yes", do not answer any further questions on damages;

14 otherwise proceed to Question No. 5.)

15 5.     What damages, if any, do you find by preponderance of the evidence that Plaintiff is

16       entitled to recover from Defendant for being discharged due to his disability?

17       Compensatory Damages (Pain and Suffering)    $ _____

18       Economic Damages-Back Pay          $ _____

19       Economic Damages- Future Monetary Damages   $ _____

20 6.     Do you find that Plaintiff is entitled to an award of punitive damages from Defendant

21       because he was discharged due to his disability and if so, in what amount?

22       _____ Yes     _____ No

23       Amount    $ _____

24 DATED: _____

25

26

27                                FOREPERSON _____

28