VICTOR M. PERRI, ESQ.
Nevada Bar No. 001267
VICTOR M. PERRI & ASSOCIATES
633 South Fourth Street, Suite #4
Las Vegas, Nevada 89101
Telephone (702) 385-1340
Telefacsimile (702) 387-2484
Attorney for Plaintiff

ORIGINAL

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JARED JIBBEN,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED PARCEL SERVICE,<br><br>Defendants. | CASE NO.   CV-S-02-0039-DAE(RJJ)<br><br>Trial Date: September 6, 2005<br>Trial Time: 9:00 am |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE EVIDENCE OF ITS SIZE AND WEALTH

COMES NOW the above named Plaintiff, Jared Jibben, by and through counsel, Victor M. Perri, Esq. hereby files the foregoing opposition to the Motion in Limine of United Parcel Service to preclude evidence of the Defendant's size and wealth:

I.    INTRODUCTION-PRELIMINARY STATEMENT

The Plaintiff filed his Verified Compliant in this action on January 9, 2002 alleging three causes of action, to-wit:

(1) refusal to reasonably accommodate the Americans With Disability Act, 42 USC Sec. 12101 et seq;

(2) wrongful termination on the basis of disability and

(3) violation of Nevada Statute.

Defendant filed a motion for summary judgment on May 8, 2005. Plaintiff filed an opposition on June 16, 2003. The order of the above-entitled court denying Defendant's Motion

C:\wpdocs\Civil\Jibben\opptodefmotionevidsize.wpd

1

106

1    for Summary Judgement was entered April 14,2004.

2       This case is now set to commence trial on Tuesday, September 6, 2005 at 9:00 a.m.

3       II. EVIDENCE OF DEFENDANT'S SIZE AND WEALTH IS PARTICULARLY

4    MATERIAL AND RELEVANT TO PLAINTIFF'S CLAIM THAT DEFENDANT HAD THE

5    ABILITY TO ACCOMMODATE PLAINTIFF, JIBBEN'S, DISABILITY

6       Defendant terminated Jibben on November 30, 2000 claiming that in their entire

7    enormous operations, there was no full time supervisory position available anywhere that

8    Plaintiff, Jibben, could have filled because all such positions required supervisor to work in excess

9    of 47½ hours per week. As shall be seen at trial, Defendant's own records and job description

10    show that 47½ hours for many assignments was a maximum, not a minimum. Jibben's Physician,

11    Dr. Blum, had placed two restrictions on Jibben returning to work which were (1) working 45

12    hours per week and (2) no shift changes.

13       Be that as it may, Defendant is also understood to be arguing that there simply were no

14    open available supervisory positions Jibben could have been assigned to. Again, Jibben has strong

15    evidence to counter this defense. Indeed, Defendant's own Answer to Plaintiff's Verified

16    Complaint admitted that the Local Sort Supervisor position Jibben held in Las Vegas, Nevada

17    before he first took a short term disability leave in November 1999, had still not been

18    permanently reassigned to a new employee a year later in November 2000, (See Defendant, UPS',

19    Answer to the Verified Complaint, paragraph 25). Furthermore, Jibben shall testify he worked

20    the Local Sort Supervisor position for several months and never worked more than 45 hours per

21    week.

22       Of particular significance in this case is the size of UPS having 36,000 employees and

23    number of offices throughout the country. Jibben sent a letter specifically requesting reasonable

24    accommodation addressed to Jim Bamberg, Director of Human Resources, making clear that

25    Jibben was interested in being assigned to any available supervisor position in various areas of the

26    country, including Las Vegas, Nevada, Phoenix, Arizona and Philadelphia, Pennsylvania. In fact,

27    Jibben wrote to Victor Garcia, who worked in the same Human Resource office of UPS as James

28    Bamberg, as early as March 1999 requesting reassignment to supervisory positions that did not

1  require DOT certification including outside of Las Vegas, Nevada. (Most UPS supervisor

2  positions, including the Local Sort Supervisor position do <u>not</u> require DOT certification.

3  Essentially, only the "On Road Driver Supervisor" assignment requires DOT certification.)

4       UPS has 36,000 employees. Unyet, UPS could <u>not</u> find one position to assign Jibben work

5  in its entire workforce. The parties have stipulated to a Jury Instruction to be given to the jury

6  based verbatim on Ninth Circuit MCJI 15.4 that defines work as a "major life activity" for

7  determining if the plaintiff has a medical, physical or mental impairment which substantially

8  limits a major life activity as including " the number and types of jobs utilizing similar training,

9  knowledge, skills or abilities with the geographical area, from the plaintiff is also disqualified.

10 When one considers the size of UPS and number of supervisory positions, it becomes clear that

11 UPS <u>regarded</u> Jibben unfit to perform any full time supervisory position within its entire

12 operations. Also, to be considered is whether an employer can provide a reasonable

13 accommodation to a disabled employee which must have bearing to the size of the company in

14 regards to "whether there are a limited number of employees available among whom the

15 performance of the job can be distributed." (See Ninth Circuit MCJI 15.7, also "Ability to

16 Perform essential Functions" which the parties have also stipulated to.)

17      Plaintiff's evidence of UPS' ability to reasonably accommodate Jibben's disability

18 necessarily entails evidence as to the size of the Company's operation, number of offices and

19 number of employees, which Defendant seeks to preclude from admission into evidence.

20      III. THE U.S. SUPREME COURT DECISION IN <u>KOLSTAD V. AMERICAN</u>

21 <u>DENTAL ASSOCIATION</u>, 527 U.S. 526 (1999) REJECTED ANY "HEIGHTENED"

22 STANDARD FOR LIABILITY FOR PUNITIVE DAMAGES. THE STATUTE, 42 USC SEC.

23 1981a, AND THE CASE LAW DO NOT PROVIDE FOR OR CONTEMPLATE

24 BIFURCATED PROCEEDINGS FOR PUNITIVE DAMAGES.

25      Under 42 USC Sec. 1981a (b) (1), Civil Rights Act of 1991, Sec. 102, Punitive damages

26 are available in Title VII and ADA cases when discrimination is carried out with "malice or

27 reckless indifference to the federally protected rights of an aggrieved individual." Such punitive

28 damages are appropriate without proof of compensatory damages. <u>Cash-Crawford v. Aelchem</u>

1  | Corp., 271 F.3d 352 (2d Cir. 2001).

2  |     In Kolstad v. American Dental Association, 527 U.S. 526 (1999) the U.S. Supreme Court

3  | held that the District of Columbia had erred in holding that punitive damages may be awarded

4  | only on a showing of "egregious" employer misconduct. the U.S. Supreme Court in Kolstad v.

5  | American Dental Association, supra, construed the Civil Rights Act of 1991, 42 USC Sec. 1981

6  | a (b) (1) as requiring no greater showing for an award of punitive damages beyond the employer's

7  | state of mind that it may be acting in violation of federal law.

8  |     The case law makes clear that an employer acting in the face of a risk of violating federal

9  | law may be subjected to punitive damages. Che v. Massachusetts Bay Transportation Authority,

10 | 342 F. 3d 31 (1st Cir. 2003); EEOC v. Wal Mart Stores, Inc., 187 F.3d 1262 (10th 7.1999)

11 | emphasizing that manager's familiarity with accommodation requirements of ADA was proof of

12 | reckless disregard. See also, Conner v. Schrader-Bridgeport International Inc., 227 F3d 179 (472

13 | Cir. 2000) Zimmerman v. Associates First Capitol Corp, 251 F.3d 376 (2nd Cir. 2001).

14 |     As noted by the Ninth Circuit in Hemmings v. Tidyman's, Inc., 285 F. 3d 1174,1198 (9th

15 | Cir. 2002) "We noted in Passantino that after Kolstad, 'In general, intentional discrimination is

16 | enough to establish punitive damages liability' ."

17 |     A. PLAINTIFF IS REQUIRED TO SUBMIT EVIDENCE OF UPS' SIZE

18 | UNDER 42 USC Sec. 1981a.

19 |     The federal law, 42 USC Sec. 1981a sets up a sliding scale depending on the number of

20 | employees as to the maximum number of employees as to the maximum amount of punitive and

21 | compensatory damages.

22 |     The following limitations apply:

23 |     (a) 100 employees             $50,000

| (b) 101-200 employees     $100,000

24 | (c) 201-500 employees     $200,000

| (d) over 500 employees    $300,000

25 |

26 |     Evidence must be allowed to be adduced at trial to show UPS is the highest category in

27 | that it has over 500 employees. Past medical expenses and other pecaning losses are not subject

28 | to the damage cap including front pay and back pay.

1        B.     JIBBEN SHOULD BE ABLE TO PRESENT EVIDENCE OF UPS' SIZE AND

2   WEALTH TO REBUT ANY AFFIRMATIVE DEFENSE THAT UPS ACTED IN GOOD

3   FAITH IN REFUSING TO REASONABLY ACCOMMODATING JIBBEN AS JUSTIFYING

4   PUNITIVE DAMAGES.

5        The Defendant is claiming as an affirmative defense under <u>Kolstad v. American Dental</u>

6   <u>Association</u>, <u>Supra</u>, that it made "good faith" efforts to comply with the ADA.

7        This issue cannot be considered in a vacuum but can only be considered in relation to the

8   size and wealthy of UPS; as the issue of ability to reasonably accommodate Jibben necessarily

9   entails consideration of the size and wealth of UPS, as does the extent of UPS provides corporate

10  wide training.

11       C. UPS' WEALTH MAY BE CONSIDERED BY THE JURY IN ASSESSING

12       PUNITIVE DAMAGES

13       The jury should be allowed to consider UPS' size and wealth in determining an

14  appropriate amount of punitive damages.

15

16       Dated this _24_ day of August, 2005.

17

18

19  VICTOR M. PERRI, ESQ.
    Nevada Bar No. 001267

20  VICTOR M. PERRI & ASSOCIATES
    633 South Fourth Street, Suite #4

21  Las Vegas, Nevada 89101
    Attorney for Plaintiff

22

23

24

25

26

27

28

C:\wpdocs\Civil\Jibben\opptodefmotionevidsize.wpd

5

1

2

## CERTIFICATE OF MAILING

3   I hereby certify that on the 26 day of August, 2005, I as an employee of VICTOR M. PERRI,

4   ESQ., caused to be served by first class mail **PLAINTIFF'S OPPOSITION TO**

5   **DEFENDANT'S MOTION TO EXCLUDE EVIDENCE OF ITS SIZE AND WEALTH** with

6   postage prepaid, express mail, a copy of thereon, by depositing same with the U.S. Postal service

7   or official depository for the use thereof, to the following:

8

9       Catherine Dehlin, Esq.
    Quarles & Brady Streich Lang, LLP

10      One Renaissance Square
    Two North Central Avenue

11      Phoenix, Arizona 85004-2390

12

13      Louis Garfinkel, Esq.
    3441 S. Eastern Ave., #600
    Las Vegas, Nevada 89109

14

15

16      Pam Perri, as an employee of
    Victor M. Perri, Esq.

17

18

19

20

21

22

23

24

25

26

27

28

C:\wpdocs\Civil\Jibben\opptodefmotionevidsize.wpd

6